```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
                                                                  :
ARTURO REYES,                                                     :
                                        Plaintiff,                :
                                                                  :
            -v-                                                   :
                                                                  :
DELITE FOOD SERVICE INC. ET AL,                                   :
                                                                  :
                                        Defendants.               :
                                                                  :
------------------------------------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8/24/12

12 Civ. 3168 (JMF)

ORDER

JESSE M. FURMAN, United States District Judge:

On July 25, 2012, the Court was advised that the parties in this action, brought pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, had reached a settlement in principle. The Court entered a thirty-day Order of Dismissal without prejudice to reopen the case if the settlement was not consummated. Under the FLSA, an employer who violates the requirement that overtime wages be paid must pay both the unpaid overtime compensation and an additional equal amount as liquidated damages. *See id.* § 216(b). In the event a settlement is for less than this amount, the settlement — including any proposed attorney's fee award — must be scrutinized by the Court to ensure that it is fair. *See, e.g.*, *Wolinsky v. Scholastic Inc.*, 11 Civ. 5917 (JMF), 2012 WL 2700381, at *2-3 (S.D.N.Y. July 5, 2012) (identifying factors a court may consider in evaluating the fairness and reasonableness of a proposed FLSA settlement and the reasonableness of a proposed attorney's fee award). Accordingly, the Clerk of Court is directed to reopen the case so that the Court can evaluate the settlement agreement.

It is hereby ORDERED that, on or before **Friday, September 14, 2012**, the parties must submit the settlement agreement to the Court along with a joint letter explaining the basis for the proposed settlement and why it should be approved as fair and reasonable, with reference to the factors discussed in *Wolinsky*. *See id.* The letter should also address, as applicable, any

incentive payments to the plaintiff and any attorney's fee award to plaintiff's counsel (with documentation to support the latter, if appropriate).

The parties are advised that the Court will not approve any settlement agreement containing a confidentiality provision, unless the parties can show that there are reasons, specific to the case, sufficient to overcome the common law right of access to judicial documents. *See id.* at *3-4 (explaining the common law right of public access as it relates to settlement agreements in FLSA cases). In the event that the settlement agreement does contain a confidentiality provision, the parties' joint letter should also indicate whether the parties (1) would adhere to the settlement in the event the Court is prepared to approve all but the confidentiality provision (in which case, the Court would, absent good cause, docket both the parties' joint letter and the settlement agreement itself — notwithstanding the confidentiality provision) or (2) would abandon the settlement and continue to litigate this action in the event the Court does not approve the confidentiality provision.

SO ORDERED.

Dated: New York, New York
August 24, 2012

_____
JESSE M. FURMAN
United States District Judge